# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

VIVIAN L. MEDINILLA
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

May 9, 2016

Christopher Marques, Esquire
Delaware Department of Justice
820 North French Street, 7th Floor
Wilmington, DE 19801

Thomas A. Foley, Esquire
Attorney At Law
1905 Delaware Avenue
Wilmington, DE 19806

RE:  *State of Delaware v. Tiffany B. Harper*
     ID No. 1511010610
     Motion to Dismiss, Motion to Suppress, Motion for Return of Property

Dear Counsel:

This is a follow-up to the initial bench rulings of April 29, 2016, regarding three pretrial motions filed by Defendant Tiffany Harper ("Defendant"). The motions were heard in different order, and rulings were preliminarily made that will hopefully be case dispositive on the State's decision to proceed in this matter. Nevertheless, because this Court was troubled with the actions of the Delaware State Police, this letter opinion serves to memorialize this concern. Having considered the arguments set forth in the pleadings and through oral arguments, the Motion for Return of Property is **GRANTED,** the Motion to Suppress is **GRANTED**, and the Motion to Dismiss is **DENIED**.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant is charged with one count of Providing a False Statement to Law Enforcement, in violation of 11 *Del. C.* § 1245A, and moves for dismissal under Superior Court Criminal Rule 12(b)(2). The State alleges that false statements were made by Defendant that could have been material to an investigation regarding a Labor Day shooting in 2015. That investigation is only relevant here as it relates to the attempts of the Delaware State Police to link or rule out a black

Honda, allegedly owned by Defendant and/or operated by her husband, in connection with the shooting.

On November 3, 2015, in order to access the vehicle, Detective Terranova of the Delaware State Police ("DSP") placed a "flag" on Defendant's vehicle. On November 17, 2015, Defendant met with the detective and, during their exchange/interview, her responses yielded a ripple effect: without the benefit of *Miranda* warnings, she was questioned after being informed she was a suspect in the shooting, her cell phones (among other property) were seized, and DSP's agreement to lift the flag on her vehicle was not honored.

Notably, today Defendant is not a suspect nor does she face charges regarding the Labor Day 2015 shooting; the State closed the investigation in December 2015 due to "no victim cooperation."[1] Regardless, the State remains unwilling to lift the flag. As a result, Defendant is unable to renew her registration through the Division of Motor Vehicles ("DMV"), rendering the use of her vehicle unlawful. The Court considers the three motions to dismiss, suppress, and return of property.

## ANALYSIS

Although conceptually out of order, this Court turns first to Defendant's Motion for Return of Property.[2] While this Court's comments or rulings during oral arguments may serve to influence the State's decision to move forward in this case, I find it necessary to reiterate how troubling I find the continued State action in this case relative to Defendant's property.

Under Superior Court Criminal Rule 41(e), while technically no physical property was seized, the flag serves to effectively seize Defendant's lawful use of her vehicle. More troubling is the State's response advising Defendant to take it up with DMV, while conceding that to do so would simply be an exercise in futility since DMV will not override DSP's activation of the flag.

But the *crème de la crème* of upmost concern is the purported justification for the State's refusal to lift the flag for an indefinite period—simply that, "if someday" the victim decides to cooperate, the vehicle "could" become material to the investigation. This position is meritless. While the flag may have initially

---

[1] Def.'s Mot. Return Property/Mot. Compel ¶ 7.

[2] Because Defendant's "Motion to Compel" requests identical prayers for relief as the Motion for Return of Property, this Court considers both under the Motion for Return of Property.

served an additional purpose in connection to a shooting investigation, such purpose is stale and no longer valid. Obviously, the flag no longer holds the promise of enticing Defendant to consent to a search of her vehicle.

Under Rule 41(e), "[a] person aggrieved by the deprivation of property seized by the police may move the court for the return of the property on the ground that such person is entitled to lawful possession of the property."[3] While the State is not holding her vehicle, *per se*, the activation of the flag prohibits renewal of her registration in order to lawfully possess her property. While a legal remedy may have been more appropriately sought through civil processes, the action (and inaction) of DSP has effectively deprived Defendant of lawful and purposeful use of her property; the lifting of the flag will return Defendant's property to her. If the State is not inclined to lift the flag, the parties must notify the Court within ten (10) days to determine next steps. Defendant's Motion for Return of Property is **GRANTED.**

As a formality only, Defendant's motion seeking suppression of all evidence gathered by the Delaware State Police following the detention/arrest of Defendant on November 17, 2015, is **GRANTED** as unopposed by the State.

Although it may no longer be an issue, Defendant argues that under Superior Court Criminal Rule 12(b)(2),[4] this Court may make a determination without the benefit of a trial on the general issue of the "materiality" of her statements to warrant dismissal. Specifically, Defendant contends it matters not whether her alleged statements were true or false because, as questioned, her allegedly innocuous responses regarding the location or use by others of her vehicle were not material to the investigation.

The State cites *State v. Hicks*, and argues that, at the time Defendant provided her allegedly false statements, the statements *could* have been material to the investigation. As such, she was properly charged under the statute.[5] The *Hicks* holding was in the context of a perjury matter and where there were no disputes as

---

[3] Super. Ct. Crim. R. 41(e).

[4] Super. Ct. Crim. R. 12(b)(2) ("Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion," including "[d]efenses and objections based on defects in the indictment.").

[5] *State v. Hicks*, 1989 WL 158489 (Del. Super. Dec. 26, 1989) (charging defendant with Perjury First Degree, in violation of 11 *Del. C.* § 1223).

3

to the facts. Here, however, Defendant is charged under 11 *Del. C.* § 1245A and this Court is guided by the definition therein.[6]

The Court has a difficult time understanding how Defendant's responses could have been material to the investigation when DSP already knew the answers to the questions they were asking. That said, Defendant was aware that there was an ongoing investigation related to the shooting at the time she made her alleged statements in response to questions from DSP about the location of her vehicle and whether she allowed others to drive it. Albeit a close call, at this juncture, the Court finds that dismissal is not appropriate, and Defendant's Motion to Dismiss is **DENIED**.

**SO ORDERED.**

Very truly yours,

Vivian L. Medinilla, Judge

cc:     Original to Prothonotary
        Tiffany B. Harper (Defendant)
        Investigative Service Office

---

[6] 11 *Del. C.* § 1245A(b)(3) ("A statement is 'material' when, regardless of its eventual use or admissibility in an official proceeding, it could have affected the course or outcome of the investigation of a crime or offense by a law-enforcement officer or agency.").

4